1  Brendan P. Cullen (CSBN 194057)
   cullenb@sullcrom.com
2  Laura Kabler Oswell (CSBN 241281)
   kablerl@sullcrom.com
3  SULLIVAN & CROMWELL LLP
   1870 Embarcadero Road
4  Palo Alto, California 94303
   Telephone:    (650) 461-5600
5  Facsimile:    (650) 461-5700

6  Attorneys for Specially Appearing
   Nominal Defendant ANGLO AMERICAN plc
7

**E-Filing**

8

9            **UNITED STATES DISTRICT COURT**

10          **NORTHERN DISTRICT OF CALIFORNIA**

11                    **CV 09      3803**

12  MATTHEW D. PINNAVAIA, Derivatively On    Case No. _____
    Behalf of ANGLO AMERICAN CORP.,
13
              Plaintiff.
14
    vs.
15                                            **SPECIALLY APPEARING**
    MARK MOODY-STUART, CYNTHIA               **NOMINAL DEFENDANT ANGLO**
16  CARROLL, NICHOLAS F. OPPENHEIMER,        **AMERICAN PLC'S NOTICE OF**
                                             **REMOVAL OF CIVIL ACTION**
17
              Defendants.
18
    -and-
19
    ANGLO AMERICAN CORP., a United
20  Kingdom corporation,

21            Nominal Defendant.

22

23

24

25

26

27

28

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, specially appearing nominal defendant Anglo American plc, named in the above entitled action as "Anglo American Corp." ("Anglo American"), hereby files its Notice of Removal of this action to the United States District Court for the Northern District of California.

Removal of this action to federal court is proper for the following reasons:

1.    This action, entitled *Pinnavaia* v. *Moody-Stuart, et. al.*, Case No. CGC-09-490153, was filed on July 8, 2009 in the Superior Court of the State of California, County of San Francisco. A copy of the Complaint is attached hereto as Exhibit 1. To date, no further proceedings have taken place in this action.

2.    Plaintiff purported to serve Anglo American with a copy of the summons and complaint by express mail to its corporate headquarters in London, England on July 21, 2009. A copy of the Summons is attached hereto as Exhibit 2. By filing this Notice of Removal Anglo American does not waive the right to challenge the propriety of the attempted service of process.

3.    To Anglo American's knowledge, Defendants Moody-Stuart, Carroll and Oppenheimer have not been served with the summons and complaint and therefore are not required to join in this Notice of Removal. *See Murphy Bros.* v. *Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999); *Salveson* v. *Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984).

4.    This Notice of Removal is timely under 28 U.S.C. § 1446(b), which requires a notice of removal to be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."

5.    This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a) and (b) on diversity jurisdiction grounds.

6.    Diversity jurisdiction exists under 28 U.S.C. § 1332 because this is an action where the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs and where complete diversity exists between plaintiff and all defendants.

7.      Plaintiff purports to bring a derivative action against three directors and/or executive officers of Anglo American for alleged breaches of fiduciary duty and violations of the California Corporations Code related to (i) acts during the time period of World War II and the Holocaust, and (ii) a 2006 settlement between DeBeers S.A., a corporation partially owned by Anglo American, and plaintiffs in a number of antitrust class actions in which DeBeers S.A. (but not Anglo American) was named as a defendant. (*See* Compl., Exh. 1 ¶¶ 6-9.)

8.      Plaintiff claims damages in the amount of $295 million. (Compl., Exh. 1 at 22 ¶ A.) Given the magnitude of the harm alleged and the scope of the relief sought by Plaintiff, it is "facially apparent from the complaint that the jurisdictional amount is in controversy." *Singer* v. *State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

9.      Complete diversity of citizenship exists because:

a.      Upon information and belief, plaintiff is a citizen of California. (*See* Compl., Exh. 1 at 1.)

b.      Anglo American is not a citizen of California. Anglo American is a company incorporated under the laws of England and Wales, with its principal place of business in London, England. (*See* Compl., Exh. 1 ¶ 11.)

10.     None of the individual defendants is a citizen of California. (*See* Compl., Exh. 1 ¶¶ 13-15.)

11.     In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Anglo American will give written notice to plaintiff and will file a copy thereof with the Clerk of the Superior Court of the State of California, County of San Francisco, to effect removal of this action.

SULLIVAN
&
CROMWELL LLP

2

1           12.    Nothing herein constitutes a waiver of any of Anglo American's rights, objections

2    or defenses, including without limitation objections to jurisdiction, venue, and service, and Anglo

3    American's right to seek dismissal of the Complaint on any grounds.

4    Dated: August 19, 2009

5

6                               Brendan P. Cullen (sio)
                                Brendan P. Cullen (CSBN 194057)

7                               Laura Kabler Oswell (CSBN 241281)
                                SULLIVAN & CROMWELL LLP

8                               1870 Embarcadero Road
                                Palo Alto, California 94303

9                               Telephone:    (650) 461-5600
                                Facsimile:    (650) 461-5700

10

11                              Attorneys for Specially Appearing
                                Nominal Defendant Anglo American plc

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

MATTHEW D. PINNAVAIA
201 Country Club Lane #90
Oceanside   CA   92054
Telephone 760/754-8072
Facsimile   760/754-8072
{Pro-Se}

CASE MANAGEMENT CONFERENCE SET

DEC 1 1 2009 - 9 AM

DEPARTMENT 212

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

MATTHEW D. PINNAVAIA,
Derivatively On Behalf of
ANGLO AMERICAN CORP.,

    Plaintiff,

vs.

MARK MOODY-STUART
CYNTHIA CARROLL
NICHOLAS F. OPPENHEIMER

    Defendants

-and-

ANGLO AMERICAN CORP.,
a United Kingdom corporation,
(A United States presence.)

    Nominal Defendant.

Case No. - 0 8 - 4 9 0 1 5 3

SHAREHOLDER DERIVATIVE
COMPLAINT FOR BREACH OF
FIDUCIARY DUTY, ABUSE OF
CONTROL, GROSS
MISMANAGEMENT, WASTE OF
CORPORATE ASSETS, UNJUST
ENRICHMENT AND VIOLATIONS
OF CALIFORNIA CORPORATIONS
CODE.

DEMAND FOR JURY TRIAL

_/_

Plaintiff, as "Pro Se", hereby, submits this Shareholder Derivative Complaint (the "Complaint") against the defendants named herein.

## NATURE OF THE ACTION

1.     This is a shareholder derivative action brought by a shareholder of Anglo American Corporation, ("Anglo American" or the "Company") on behalf of the Company against certain of its officers and directors seeking to remedy defendant's violations of California laws, including breaches of fiduciary duties, abuse of control, gross mismanagement, waste of corporate assets, unjust enrichment and violations of California Corporation Code that occurred between the year of 2001, and to the present (the "Relevant Period") and that have caused substantial losses to Anglo American and other damages, such as to its reputation and goodwill.

## JURISDICTION AND VENUE

2.     This court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution, Article VI, section 10, because this case is a cause not given by statute to other trial courts, as this derivative action is brought pursuant to section 800 of the California Corporations Code to remedy defendant's violations of law.

3.     This Court has jurisdiction over each defendant named herein because each defendant is either a corporation that conducts business in and maintains operations in this County, or is an individual who has sufficient minimum contacts with California so as to render the exercise of jurisdiction by the

2

California Courts permissible under traditional notions of fair play and

substantial justice.

4.   Venue is proper in this Court because one or more of the defendants, (the

"Company"), either, maintains its business operations , and or, its business

offices in this County, a substantial portion of the transactions and wrongs

complained of herein are aiding and abetting and conspiracy in violation of

fiduciary duties owed to Anglo American, which occurred in this County,

and do continue to occur in this County, and defendants have received

substantial compensation in this County by doing business here and

engaging in numerous activities that had effect in this County. Anglo

American, through its subsidiary, "De Beers Consolidated Mines Ltd.- De

Beers Diamond Jewellers, U.S., Inc.", does have, and does operate, a "De

Beers Jewelry Store", located in this County.

5.   Defendants, conduct business, in this County, "De Beers Jewelry Store", as

does pertain to the Anglo American Corporation., especially, Mr. N.F.

Oppenheimer, who is the Deputy Chairman of Anglo American

Corporation, and is also the Chairman of De Beers Consolidated Mines Ltd.

– De Beers Jewellers, U.S., Inc.

## SUMMARY OF THE ACTION

6.   Anglo American is a mining and natural resources company, engaged

worldwide, in the platinum group metals, and in the discovery,

manufacturing, marketing, and retailing of diamonds. (gemstone and

industrial) Headquarted in London, England, a major source of the

3

company's financial revenues comes directly from its diamond subsidiaries, De Beers Consolidated Mines Ltd and De Beers Jewellers U.S., Inc., (an active California Corporation), which has "De Beers Jewelry Stores", throughout the state of California, including, in the County of San Francisco, California. Anglo American, is listed, financially, in the United States, on the New York "NASDAQ", stock-exchange.

7.   Throughout the Relevant Period, the Individual Defendants caused the Company to financially experience, and too, financially suffer, through the Company's subsidiary, "De Beers", a financial-loss of approximately $295 million U.S. dollars, as does pertain to the legal-action, titled, "Diamond Class Action Settlement." Beginning in 2001, Plaintiffs in several U.S. States, filed lawsuits against the company's subsidiary, "De Beers", in state and federal courts alleging that De Beers unlawfully monopolized the supply of diamonds, conspired to fix, raise, and control diamond prices, and issued false and misleading advertising.

8.   The Company, Anglo American, and the Defendants, continues to the present day, to control and direct the business-actions of the Company, whereby its subsidiary, De Beers, (owned by Anglo American) has in the past, caused severe financial damages to the Company, and the Defendants and the Company, shall now encounter, future monumental financial damages, because of the strategic assistance to Adolph Hitler and the Third Reich (Nazi-Germany), by De Beers, pertaining to the historical-period of World War II. (WWII)

4

9.     De Beers Consolidated Mines Ltd., coinciding with the birth of Nazi-Germany, controlled the entire world supply of industrial-diamonds and by supplying Chancellor Hitler and the Third Reich with the one essential and vital ingredient (industrial grade diamonds) for the military rebuilding of Germany, created the world's most powerful army, and thus, put into effect the blueprint of Chancellor Hitler and the Third Reich, which was not only world domination, but also the death and destruction of Humankind: The Holocaust.

### THE PARTIES

10.    Plaintiff, Matthew D. Pinnavaia is, and was at times relevant hereto, an owner and holder of Anglo American common stock.

11.    Nominal defendant Anglo American is a corporation organized and existing under the laws of the United Kingdom with its headquarters at 20 Carlton House Terrace, London. Defendant Anglo American operates and maintains a "U.S. business" through "De Beers", which is owned by Anglo American.

12.    Anglo American is involved in the exploration, extraction, and processing of metals and minerals on a worldwide basis, whereby Anglo American is the world's leader in platinum and diamonds. Anglo American is the world's leader in the exploration, mining, and the eventual marketing of diamonds (gemstone), specifically by the "De Beers" company, which is owned by Anglo American.

13.    Defendant, Mark Moody-Stuart, is, and at all times relevant hereto was, Non-Executive Chairman of the Board of Anglo American. Because of, Mark Moody-Stuart's corporate position, he had, and he knew, of the illegal

and unlawful business activities of the Anglo American subsidiary "De Beers", which culminated in a very adverse financial damage to Anglo American. During the Relevant Period, Mark Moody-Stuart, was completely aware of the illegal and unlawful business activities of Anglo American's subsidiary, "De Beers", and is completely knowledgeable about the unlawful and human-rights disaster, as does pertain to the "Holocaust", regarding De Beers, which shall certainly effect the future financial well-being of Anglo American.

14.   Defendant Cynthia Carroll, Chief Executive and Executive Director of Anglo American, became a part of Anglo American in 2007. Cynthia Carroll, was, and is, aware of, the unlawful and illegal business activities of the Anglo American subsidiary De Beers, as does pertain to the adverse financial impact of the "Diamond Class Action Settlement" upon Anglo American. Cynthia Carroll was , and is, aware of, the continuing unlawful and illegal business activities of the Anglo American subsidiary, De Beers, which, will have another future adverse financial impact upon the well-being of Anglo American.

15.   Defendant, Nichols F. Oppenheimer, is, and at all times relevant hereto, was the Deputy Chairman of Anglo American since 1983, and also, a Non-Executive Director of Anglo American since 1974. As the grandson of the Founding Chairman of Anglo American, Sir Ernest Oppenheimer, Nicholas F. Oppenheimer, as a Deputy Chairman of Anglo American, as does pertain

to the Relevant Period, because of the corporate positions he held, and still does hold today, N.F. Oppenheimer was fully aware of the unlawful and illegal business activities of the Company's subsidiary, De Beers, which culminated in an adverse financial impact upon Anglo American, N.F. Oppenheimer is also the Chairman of the Company's subsidiary, De Beers, (1998). N.F. Oppenheimer, while in dual corporate executive positions with both companies, Anglo American and De Beers, was completely aware of, and he knew of, the eventual adverse financial impact upon Anglo American, but N.F. Oppenheimer protected the financial interests of Anglo American's subsidiary, De Beers, while Anglo American, did suffer, and Anglo American's shareholders, did suffer, a tremendous financial setback. N.F. Oppenheimer, is also aware of, during the Relevant Period, the unlawful and illegal Human-Rights violations of the corporate conduct of, De Beers, as does pertain to the "Holocaust", the period of World War II, which most certainly, shall effect, negatively upon the future financial well-being of Anglo American.

16.     The defendant's identified in numbers #13, 14, & 15, are referred to herein as the "Corporate Directors and the Corporate Officers" of the Company. (Anglo American)

### DUTIES OF THE INDIVIDUAL DEFENDANTS

17.     By reasons of their positions as officers, directors, and or, fiduciaries of Anglo American and because of their ability to control the business and corporate affairs of Anglo American, the Individual Defendants owed Anglo American and its shareholders fiduciary obligations of trust, loyalty, good faith, and due care, and were, and are required to use their utmost ability to

control and manage Anglo American in a fair, just, honest, and equitable manner. The Individual Defendants were and are required to act in furtherance of the best interests of Anglo American and its shareholders, so as to benefit all shareholders equally, and not in furtherance of their personal interests.

18. Each director and officer of the Company owes to Anglo American and its shareholders, the fiduciary duty to exercise good faith and diligence in the administration of the affairs of the Company and in the use and preservation of its property and assets, and the highest obligations of fair dealing. In addition, as officers, and or, directors of a publicly held company, the Individual Defendants had a duty to promptly disseminate accurate and truthful information with regard to the Company's, revenue, margins, operations, performance, management, projections, forecasts, and legal-liabilities, so that the shareholders of the Company, would receive accurate and truthful information, as does regard their investment in Anglo American.

19. The Individual Defendants, because of their positions of control and authority as directors, and or, officers of Anglo American, were able to, and did, directly, and or, indirectly, exercise control over the wrongful acts complained of herein, as well as the contents of the various public statements issued by the Company.

20. At all times relevant hereto, each of the Individual Defendants was the agent of each of the other Individual Defendants and of Anglo American, and was at all times acting within the course and scope of such agency.

21.     To discharge their duties, the officers and directors of Anglo American, were required to exercise reasonable and prudent supervision over the management, policies, practices and controls of the financial affairs of the Company. By virtue of such duties, the officers and directors of Anglo American were required to, among other things: (A) to conduct the affairs of the Company in an efficient, business-like manner so as to make it possible to provide the highest quality performance of its business, to avoid wasting the Company's assets, and to maximize the value of the Company's stock. (B) to ensure that the Company was operated in a diligent, honest, and prudent manner in compliance with all applicable U.S. Federal laws, U.S. State laws, and local laws, rules and regulations.

22.     Each Individual Defendant, by virtue of his or her position as a director, and or, an officer, did owe to the Company and to its shareholders, the fiduciary duties of loyalty, good faith, and the exercise of due care and diligence in the management and administration of the affairs of the Company , as well, in the use and preservation of its property  and assets. The conduct of the Individual Defendants complained of herein, involves a knowing and culpable violation of their obligations as directors and officers of Anglo American, the absence of good faith on their part, and a reckless disregard for their duties to the Company and its shareholders, that the Individual Defendants were aware of, or should have been aware of, did pose a risk of serious injury to the Company. The conduct of the Individual Defendants, who were directors, and or, officers of the Company during the

Relevant Period, has been ratified by the remaining Individual Defendants, who collectively comprised all of Anglo American's Board during the Relevant Period.

23.     The Individual Defendants breached their duties of loyalty and good faith by allowing defendants to cause, or by themselves causing, the Company to suffer severe financial-damage – through the "De Beers" subsidiary- of approximately $295 million U.S. dollars. As a result, the Company, because of the actions or inactions of the Individual Defendants, had been, and was, found in violation of both U.S. Federal and State laws, which did in fact, also irreparably damage the good corporate image of the Company.

24.     Moreover, the ill-behavior of the Individual Defendants, have irreparably damaged Anglo American's corporate image and goodwill. Anglo American will suffer from what is known as the "liar's discount", a term applied to the stocks of companies who have been implicated in illegal behavior and have misled the investing public, such that Anglo American's ability to raise equity capital or debt on favorable terms in the future, is now impaired.

## CONSPIRACY, AIDING AND ABETTING, AND CONCERTED ACTION.

25.     In committing the wrongful acts alleged herein, the Individual Defendants have pursued, or joined in the pursuit of, a common course of conduct, and have acted in concert with and conspired with one another in furtherance of their common plan or design. In addition to the wrongful conduct herein alleged as giving rise to primary liability, the Individual Defendants further aided and abetted, and or, assisted each other in breach of their respective duties.

26.     During all times relevant hereto, the Individual Defendants collectively and individually, issued false and misleading press-releases, which initiated a course of conduct that was designed to and did: (A) conceal the fact that the Company, was, engaged in violations of both U.S. Federal and State laws, while conducting business through Anglo American's subsidiary, De Beers. (B) maintain the Individual Defendants executive and directorial positions at Anglo American and the profits, power, and prestige that the Individual Defendants enjoyed as a result of these positions. (C) deceive the investing public, including shareholders of Anglo American, regarding the Individual Defendants management of Anglo American's operations – De Beers Subsidiary – the Company's financial health and stability, and future business prospects. In furtherance of this plan of deception, conspiracy, and course of conduct, the Individual Defendants collectively and individually took the actions set forth herein.

27.     The Individual Defendants engaged in a conspiracy, common enterprise, and or, common cause of conduct commencing with Anglo American's subsidiary, De Beers, marketing gemstone diamonds in the U.S., and continuing thereafter.

28.     The purpose and effect of the Individual Defendants conspiracy, common enterprise, and or, common course of conduct, was among other things, to disguise the Individual Defendants violations of law, breaches of fiduciary duty, abuse of control, gross mismanagement, waste of corporate assets and unjust enrichment, and to conceal adverse information concerning the Company's operations, financial condition and future business prospects. In doing so, the Individual

//

Defendants, did protect their executive and directorial positions and the substantial compensation and prestige they obtained as a result thereof.

29.     The Individual Defendants accomplished their conspiracy, common Enterprise, and or, common course of conduct by causing the Company to purposefully, recklessly, or negligently, to permit the illegal and unlawful business activities of its subsidiary, De Beers. Because the actions described within occurred under the authority of the Individual Defendants, in their directorial and officer positions within the Company, each of the Individual Defendants was a direct, necessary, and substantial participant in the conspiracy, common enterprise, and or, common course of conduct complained of herein.

30.     Each of the Individual Defendants aided and abetted and rendered substantial assistance in the wrongs complained of herein. In taking such actions to substantially assist the commission of the wrongdoing complained of herein, each Individual Defendant acted with knowledge of the primary wrongdoing, substantially assisted the accomplishment of that wrongdoing, and was aware of his or her overall contribution to and furtherance of the wrongdoing.

## BACKGROUND

31.     Anglo American Corporation, through its wholly owned subsidiary, De Beers, is the largest supplier of rough (gemstone) diamonds in the world. Beginning in 2001, U.S. Plaintiffs in several states filed lawsuits against De Beers in both U.S. Federal and State Courts alleging that DeBeers unlawfully monopolized the supply of diamonds, conspired to fix and

control diamond prices, and issued false and misleading advertising. These legal actions culminated in a "Diamond Class Action Settlement", whereby the "Settlement Agreement" provides that $22.5 million ( U.S. dollars ) be distributed to the Direct Purchases Class, and that $272.5 million (U.S. dollars) will be distributed to the Indirect Purchaser Class. DeBeers also, did agree, to refrain from engaging in certain conduct that violates both U.S. Federal and State antitrust laws and submit to the jurisdiction of the Court to enforce the Settlement.

32.     In the course of Anglo American's business and in the course of Plaintiffs "Shareholder Status", Plaintiff has informed the Individual Defendants, especially, Anglo American Deputy Chairman, N.F. Oppenheimer, of the extreme and gross human-rights violations, as does pertain to the involvement of Anglo American, and its De Beers subsidiary, in the "Holocaust" of World War II. De Beers, was then, the only supplier to the world of industrial-grade diamonds. This international monopolistic cartel in the mining, distribution, and marketing of diamonds to those who tacitly agree never to upset the diamond monopoly – De Beers – has proved so lucrative to De Beers, that nothing else mattered except the maintenance of its dominant position pertaining to the worldwide diamond industry. Even if it meant the death and destruction of Humankind: The Holocaust. De Beers, coinciding with the birth of Nazi-Germany, controlled the entire supply of industrial-diamonds and by supplying Chancellor Hitler and the Third

Reich with the one essential and vital ingredient (industrial grade diamonds) for

the military rebuilding of Germany, created the world's most powerful military

army, and thus, put into effect the blueprint of Chancellor Hitler and the Third

Reich (Nazi-Germany), which was not only world domination, but also the death

and destruction of Humankind: The Holocaust.

## DERIVATIVE AND DEMAND FUTILITY ALLEGATIONS

33.     Plaintiff brings this action derivatively in the right and for the benefit of

Anglo American to redress injuries suffered, and to be suffered, by Anglo

American as a direct result of the breaches of fiduciary duty, abuse of control,

gross mismanagement, waste of corporate assets, and unjust enrichment, as well as

the aiding and abetting thereof, by the Individual Defendants. Anglo American as a

nominal defendant solely in a derivative capacity. This is not a collusive action to

confer jurisdiction on this Court that it would not otherwise have.

34.     Plaintiff will adequately and fairly represent the interests of Anglo

American in enforcing and prosecuting its rights.

35.     Plaintiff is and was an owner of the stock of Anglo American during the

times relevant to the Individual Defendants wrongful course of conduct alleged

herein, and remains a shareholder of the Company.

36.     Plaintiff, has not made any demand on the present Board Of Directors of

Anglo American to institute this action because such a demand would be futile,

wasteful and useless act, as a result of their access to, and review of, internal

corporate documents, conversations, and connections with the corporate officers,

employees, and directors and attendance at Management and Board meetings, each

of the Board Of Directors knew the adverse non-public information regarding the

illegal and unlawful business activities of the Company.

37.     Moreover, despite the Individual Defendants having knowledge of the

claims and causes of action raised by Plaintiff, the current Board Of Directors has

failed and refused to seek to recover for Anglo American for any of the

wrongdoing alleged by plaintiff herein.

38.     A true and correct copy of this Complaint was delivered to Anglo American

(corporate headquarters, London), prior to its being filed with this Court.

### FIRST CAUSE OF ACTION
### Against All Defendants For Violation Of California Corporation Code Section 202.

39.     Plaintiff incorporates by reference and realleges each and every allegation

set forth above, as though fully set forth herein.

40.     At the time, that the Individual Defendants were conducting business at the

Company, during the Relevant Period, and as the Individual Defendants

conduct business today, at the Company's subsidiary, De Beers, in

California, the Anglo American Corporation was, and is, today, engaged in

unlawful acts, not lawful acts, as specifically pertains to the California

Corporations, General Corporation Law, Section 202, which does state

clearly and plainly, that the "purpose of the corporation is to engage in any

lawful act." The Individual Defendants, did engage, and still do today,

engage in the unlawful acts of monopolizing the supply of diamonds,

conspired to fix, raise, and control diamond prices, and issued false and

misleading advertising.

## SECOND CAUSE OF ACTION
**Against All Defendants For Violation Of California Corporations Code Section 27101 (a)(c)**

41.     Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

42.     At the time, that the Individual Defendants were conducting business, at the Company, in the corporate capacity of directors, and or, officers, during the Relevant Period, and as the Individual Defendants conduct business, today, the Individual Defendants did engage in the unlawful acts of monopolizing the supply of diamonds, conspired to fix, raise, and control diamond prices, wherein the Individual Defendants did knowingly, and in a conspiracy, engage in the device, scheme, and or, artifice to defraud the shareholders of Anglo American. The Individual Defendants, personal and corporate strategy, as directors , and or, officers of the Company, pursued this corporate strategy whereby the Individual Defendants illegally conducted corporate business, in violation of both U.S. Federal and State laws, wherein, the Anglo American shareholders were defrauded of $295 million (U.S. dollars). Therefore, Individual Defendants were, and are, in violation of California Corporation Code Section 27101 (a).

## THIRD CAUSE OF ACTION
**Against All Defendants For Violation Of California Corporations Code Section 27101(c)**

43.     Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

44.     At the time, that the Individual Defendants were conducting business, at the

Company, in their capacity of directors, and or, officers, during the

Relevant Period, and as the Individual Defendants conduct business, today,

the Individual Defendants, did knowingly, and in conspiracy, did engage,

through the conduction of business, in practices, transactions, and or, a

course of business, which operated as a fraud, and or, a deceit upon the

shareholders of the Company, and also, upon the American-citizenry. The

Individual Defendants, as directors, and or, officers, of the Company, did

engage and still does today, engage in the acts, practices, transactions, and

or a course of business whereby the Company engaged in monopolizing the

supply of diamonds, conspired to fix, raise, and control diamond prices, and

issued false and misleading advertising, in violation of California

Corporation Code 27101(c).

### FOURTH CAUSE OF ACTION
**Against All Defendants For Violation Of California Corporation Code
Section 2207(i)(ii)**

45.     Plaintiff incorporates by reference and realleges each and every allegation

set forth above, as though fully set forth herein.

46.     At the time, that the Individual Defendants were conducting business, at the

Company, in their corporate capacity of directors, and or, officers during

the Relevant Period, the Individual Defendants, did communicate to the

Company's shareholders and too the "investing public", through the

issuance of corporate "Annual Reports", and or, corporate press-releases,

whereby, the Individual Defendants, made knowingly and in conspiracy,

/7

false statements, and or, omissions to the Company's shareholders, and to the "Investing Public", which did intend to give the Company's stock-shares a materially greater apparent "market value", then the Company's stock-shares, did in fact, in reality, did possess. Therefore, the Individual Defendants of the Company, did engage, in the unlawful and illegal behavior, knowingly, and willingly, in conspiracy, of the violations of California Corporations Code Section 2207(i)(ii), whereby the Company's shareholders and the "Investing Public" were "kept in the dark", of the ongoing conspiracy of the Individual Defendants, to issue false statements, and or, omissions, so as to hide the true damage to the Company's corporate "bottom line", of damages to the Company of approximately $295 million (U.S. dollars).

## FIFTH CAUSE OF ACTION
### Against All Defendants For Breach Of Fiduciary Duty.

47.    Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

48.    The Individual Defendants owed and owe Anglo American fiduciary obligations. By reason of their fiduciary relationship, the Officer Defendants and Director Defendants owed and owe Anglo American the highest obligation of good faith, fair dealing, loyalty and due care.

49.    The Individual Defendants, and each of them, violated and breached their fiduciary duties of care, loyalty, reasonable inquiring, oversight, good faith and supervision.

50.     Each of the Individual Defendants had actual or constructive knowledge that they had caused the Company significant harm, which in turn, did harm the Company's shareholders and the "investing public", when the Individual Defendants, ac acting as, corporate directors, and or, officers, did engage in unlawful behavior and illegal corporate behavior. These actions could not have been a good faith exercise of prudent business judgment to protect and promote the Company's corporate interests.

51.     As a direct and proximate result of the Individual Defendants failure to perform their fiduciary obligations, Anglo American has sustained significant damages. As a result of the misconduct alleged,alleged herein, the Individual Defendants are liable to the Company.

52.     Plaintiff on behalf of Anglo American has no adequate remedy at law.

### SIXTH CAUSE OF ACTION
**Against All Defendants For Abuse Of Control**

53.     Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

54.     The Individual Defendants misconduct alleged herein constituted an abuse of their ability to control and influence Anglo American, for which they are loyally responsible.

55.     As a direct and proximate result of the Individual Defendants abuse of control, Anglo American has sustained significant damages.

56.   As a result of the misconduct alleged herein, the Individual Defendants are liable to the Company.

57.   Plaintiff on behalf of Anglo American has no adequate remedy at law.

## SEVENTH CAUSE OF ACTION
### Against All Defendants For Gross Mismanagement

58.   Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

59.   By these actions alleged herein, the Individual Defendants, either directly, or through aiding and abetting, abandoned and abdicated their responsibilities and fiduciary duties with regard to prudently managing the assets and business of Anglo American in a manner consistent with the operations of a publicly held corporation.

60.   As a direct result of the Individual Defendants gross mismanagement and breaches of duty alleged herein, Anglo American has sustained significant damages in excess of hundreds of millions of dollars.

61.   As a result of the misconduct and breaches of duty alleged herein, the Individual Defendants are liable to the Company.

62.   Plaintiff on behalf of Anglo American has no adequate remedy at law.

## EIGHTH CAUSE OF ACTION
### Against All Defendants For Waste Of Corporate Assets

63.   Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

64.   As a result of the issuance of the false and misleading "Corporate Annual Reports", and Corporate Press-Releases concerning Anglo American, the Individual Defendants failed to properly consider the interests of the Company and its shareholders, wherein the Individual Defendants have caused Anglo American to waste corporate assets by having the Company, incur hundreds of millions of dollars of legal liability, and or, legal costs, to defend the Individual Defendants unlawful actions.

65.   As a result of the waste of corporate assets, the Individual Defendants are liable to the Company.

66.   Plaintiff on behalf of Anglo American has no adequate remedy at law.

### NINTH CAUSE OF ACTION
### Against All Defendants For Unjust Enrichment

67.   Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

68.   By the wrongful acts and omissions , defendants were enriched at the expense of and to the detriment of Anglo American.

69.   Plaintiff, as a shareholder and representative of Anglo American, seeks restitution from the defendants, and each of them, and seeks an order from the Court disgorging all profits, benefits, and other compensation obtained by these defendants, and each of them, from their wrongful conduct and fiduciary breaches.

### PRAYER FOR RELIEF

**WHEREFORE,** plaintiff demands judgment as follows:

A.   Against all of the Individuals and in favor of the Company for the amount of $295 million (U.S. dollars), as a result of the Individual Defendants breaches of fiduciary duty, abuse of control, gross mismanagement, waste of corporate assets and unjust enrichment;

B.   To determine, that the Anglo American Corporation, completely divest itself from its subsidiary, "De Beers", because of the future eventual monumental financial damages and financial settlements from the assistance and involvement of "De Beers", with Adolph Hitler and the Third Reich (Nazi-Germany), which culminated in "The Holocaust", and also to determine, the divestiture of the subsidiary, "De Beers", from the Anglo American Corporation, because of the past and present, unlawful and illegal, business activities of the subsidiary, "De Beers."

C.   To determine, that the Anglo American Corporation, enter into diplomatic negotiations with the Israeli government and the United States government, for the specific purpose of creating a "Special Financial Fund", to compensate the Israeli government for the death and destruction of the European Jewish community, "The Holocaust", and to compensate the U.S. government, for the death and destruction of the American soldiers (188,000 – deaths), who died fighting Nazi-Germany during World War II;

D.   Awarding to Anglo American restitution from the defendants, and
each of them, and disgorgement of all profits, benefits, and other
compensation obtained by the defendants;

E.   To determine, that the Individual Defendants, be removed from their
corporate positions, as directors, and or, as officers, of the Company.

F.   To determine, that Plaintiff and another, honest individual, should
become, directors, upon the Board Of Directors, of the Anglo
American Corporation.

G.   Granting such other and further relief as the Court does just and
proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

Dated: 6-26-09

Respectfully Submitted,

*Matthew D. Pinnavaia*

Matthew D. Pinnavaia
{Pro-Se, Capacity}
201 Country Club Lane #90
Oceanside   CA   92054-3435
Telephone 760/754-8072
Facsimile   760/754-8072
E-Mail > matthewpinnavaia@Yahoo.com

CASE 4:09-cv-03803-CW   Document 1   Filed 08/19/09   Page 29 of 31

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Matthew D. Pinnavaia<br>201 Country Club Lane #90<br>Oceanside  CA  92054-3435 | ENDORSED<br>FILED |
| TELEPHONE NO.: (760) 754-8072   FAX NO.: | |
| ATTORNEY FOR *(Name):* Pro-Se | JUL 8 - 2009 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco

STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco  94102
BRANCH NAME: San Francisco Superior Court Of California

CASE NAME:
Matthew D. Pinnavaia v. Anglo American Corporation

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: | CGC-08-490153 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☑ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Nine Causes Of Action: 1–9.
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 6-26-09.
Matthew D. Pinnavaia
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

# EXHIBIT 2

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ANGLO AMERICAN CORPORATION.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MATTHEW D. PINNAVAIA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

California Superior Court Of San Francisco
400 McAllister Street
San Francisco  CA  94102

CASE NUMBER:
*(Número del Caso):*

CGC - 08 - 490153

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Matthew D. Pinnavaia, 201 Country Club Lane #90, Oceanside, CA., 92054-3435/ Tel. (760) 754-8072.
In capacity as Pro-Se.

DATE:            GORDON PARK-LI, CRISTINA BAUTISTA , Deputy
*(Fecha)*  JUL 8 - 2009     Clerk, by                                      *(Adjunto)*
                           *(Secretario)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Anglo American Corporation

under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc. | www.USCourtForms.com