IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MATTHEW D. PINNAVAIA,

    Plaintiff,

  v.

MARK MOODY-STUART, CYNTHIA CARROLL, NICHOLAS F. OPPENHEIMER,

    Defendants

  and

ANGLO AMERICAN plc,

    Nominal Defendant.

No. C 09-03803 CW

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND VACATING CASE MANAGEMENT CONFERENCE

    This action purports to be a derivative shareholder suit based on the premise that Nominal Defendant Anglo American plc has been damaged by individual Defendants because of a 2006 settlement of a number of antitrust class actions in which De Beers, a subsidiary of Anglo American, was a named defendant. Specially appearing Nominal Defendant Anglo American moves to dismiss the complaint pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(6) and 23.1 of the Federal Rules of Civil Procedure.[1] Plaintiff opposes the motion. The matter was taken under submission and decided on the papers. Having considered all of the papers filed by the parties, the Court grants the motion to dismiss. Dismissal is without prejudice.

---

[1] Individual Defendants have not been served and do not join in this motion.

BACKGROUND

On July 8, 2009, Plaintiff filed this action in state court; on August 19, 2009, Anglo American removed it to federal court based on diversity jurisdiction. Plaintiff's complaint alleges the following. Anglo American is a mining and natural resources company headquartered in London and organized under the laws of the United Kingdom. Comp. at ¶¶ 6, 11. A major source of Anglo American's revenue is its diamond subsidiaries, De Beers Consolidated Mines Ltd. and De Beers Jewelers U.S., Inc., which owns De Beers jewelry stores located throughout California (together, De Beers). Comp. at ¶ 6. Beginning in 2001, lawsuits were filed against De Beers alleging that it unlawfully monopolized the supply of diamonds, conspired to fix, raise, and control diamond prices and issued false and misleading advertising. Comp. at ¶ 7. The named individual Defendants caused Anglo American to suffer a financial loss of approximately $295 million in the settlement of those lawsuits, entitled "Diamond Class Action Settlement." Comp. at ¶ 7. Anglo American also will suffer financial damages in the future due to De Beers' assistance to Adolph Hitler and the Third Reich during World War II. Comp. at ¶ 8.

During the time at issue in this lawsuit, Plaintiff was an owner of Anglo American common stock. Comp. at ¶ 10. Defendant Mark Moody-Stuart, during the relevant time period, was non-executive Chairman of the Board of Anglo American. Because of his position, Mr. Moody-Stuart was aware of De Beers' unlawful activity during World War II and thereafter. Comp. at ¶ 13. Defendant Cynthia Carroll became Chief Executive and Executive Director of

2

Anglo American in 2007. She was and is aware of De Beers' illegal activities. Comp. at ¶ 14. Defendant Nicholas F. Oppenheimer has been Deputy Chairman of Anglo American since 1983, a non-executive director since 1974 and is the grandson of Sir Ernest Oppenheimer, the founding chairman of Anglo American. Comp. at ¶ 15. Mr. Oppenheimer was aware of the illegal acts of De Beers. Comp. at ¶ 15. Individual Defendants conspired to allow De Beers to engage in the aforementioned illegal activities, to Anglo American's financial detriment. Comp. at ¶ 23. Individual Defendants concealed the fact that De Beers was engaged in violations of federal and state laws and deceived the investing public about Anglo American's financial health and future business projects. Comp. at ¶ 26. Plaintiff has not made a demand on Anglo American's Board of Directors to institute this action because such a demand would be futile as a result of its relationship with individual Defendants. Comp. at ¶ 36.

Based on these allegations, Plaintiff asserts the following causes of action: (1) violation of California Corporations Code §§ 202, 27101(a), 27101(c), 2207(i)(ii); breach of fiduciary duty; abuse of control; gross mismanagement; waste of corporate assets; and unjust enrichment. Plaintiff requests damages of $295 million in favor of Anglo American; an injunction requiring Anglo American to divest itself of De Beers; an injunction requiring Anglo American to enter into diplomatic negotiations with the Israeli government and the United States government to create a special financial fund to compensate the Israeli government for the death and destruction of the European Jewish community during World War II and the death of the American soldiers who died fighting Nazi-

3

Germany during World War II; an injunction removing individual Defendants from their corporate positions with Anglo American; and an injunction making Plaintiff and one other honest individual directors of Anglo American.

Anglo American argues that this action must be dismissed on the grounds that: Plaintiff cannot assert derivative claims pro se; Plaintiff lacks standing to pursue claims derivatively; the Court lacks personal jurisdiction over Anglo American; and the forum is not convenient.

DISCUSSION

As an initial matter, the Court addresses federal jurisdiction because Plaintiff's response to all of Anglo American's arguments is that this case was removed improperly from California state court and that this Court lacks subject matter jurisdiction.

I. Federal Jurisdiction

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). Title 28 U.S.C. § 1447 provides that if at any time before judgment it appears that the district court lacks subject matter jurisdiction over a case previously removed from State court, the case must be remanded. 28 U.S.C. § 1447(c). The scope of the removal statute must be strictly construed. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.

District courts have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value

4

of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  When federal subject matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties.  Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).  According to 28 U.S.C. § 1332(c), a corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ."  28 U.S.C. § 1332(c).

Plaintiff is a citizen of California.  See Docket, page 1. Because it is undisputed that Anglo American is not incorporated in California nor does it have its principal place of business in California, it is not a citizen of California for purposes of diversity jurisdiction.

Nevertheless, Plaintiff argues that there is not complete diversity of citizenship because Anglo American owns forty-five percent, and Defendant Oppenheimer and the Oppenheimer family own forty percent, of De Beers, a California corporation.  Plaintiff reasons that, because Anglo American and the Oppenheimer family together own eighty-five percent of De Beers, Anglo American is a California citizen.

In Danjaq, S.A. v. Pathe Communications Corp., 979 F.2d 772, 775 (9th Cir. 1992), the court held that the citizenship of a parent is distinct from its subsidiary and a subsidiary's activity has no bearing on the citizenship of its parent company for

purposes of diversity jurisdiction. Id.[2] Thus, Anglo American's ownership of De Beers does not bestow California citizenship upon Anglo American.

Plaintiff does not argue that any individual Defendant is a California citizen or that the amount in controversy is less than $75,000. All requirements for diversity jurisdiction are met. Therefore, this Court has diversity jurisdiction over this case and the removal was proper.

II. Pro Se Derivative Suit

Anglo American argues that Plaintiff may not bring a derivative action pro se. Plaintiff argues that he has a constitutional due process right to pursue his claims in court.

The rule establishing an individual's right to represent himself or herself is provided in 28 U.S.C. § 1654. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008). However, the privilege to represent oneself is personal to the litigant and does not extend to other parties or entities. Id. Thus, pro se plaintiffs are generally prohibited from pursuing claims on behalf of others in a representative capacity. Id. (citing many cases for this proposition). Furthermore, the substantive right to bring a shareholder's derivative suit is that of the corporation. Phillips v. Tobin, 548 F.2d 408, 411 (9th Cir. 1976). Because a corporation may not appear in court except through an attorney, likewise a representative shareholder may not appear without an attorney. Id.

Thus, Plaintiff may not bring this derivative action in a pro

---

[2] Anglo American indicates that neither of the De Beers entities to which Plaintiff refers in his complaint is incorporated in California or has its principal place of business in California.

6

se capacity. Plaintiff's constitutional rights are not at issue because this suit is purportedly brought on behalf of Anglo American. Therefore, Plaintiff's constitutional argument is without merit and the case must be dismissed. However, the dismissal is without prejudice to re-filing if Plaintiff obtains the services of an attorney. Because the complaint must be dismissed on this ground, the Court does not address Anglo American's other grounds for dismissal.

CONCLUSION

Based on the foregoing, this case is dismissed. Dismissal is without prejudice to refiling if Plaintiff obtains representation by an attorney. The case management conference scheduled for December 17, 2009 is vacated.

IT IS SO ORDERED.

Dated: December 11, 2009

_____
CLAUDIA WILKEN
United States District Judge